**Vanessa Most DURHAM, KBA Member No. 87137, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2007–SC–000406–KB.**

Supreme Court of Kentucky.

Aug. 15, 2007.

## OPINION AND ORDER

Movant, Vanessa Most Durham, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1998. Her bar roster address is 517 West Ormsby, Louisville, KY 40203. Movant was sus-

pended from the practice of law for non-payment of bar dues by Order of this Court on December 1, 2005. Since then, Movant continued to practice which resulted in numerous additional problems that are the subject of three specific KBA complaints (KBA files 13885, 14218, 14293) set forth below.

Movant admits that she is guilty of violating the Rules of Professional Conduct in KBA Files 13885, 14218, and 14293. Movant understands that Charges in both KBA File 14218 and 14293 were authorized by the Inquiry Commission at its meeting on December 4, 2006, but have not yet been issued. Movant understands that an investigative file was authorized by the Inquiry Commission in KBA File 13885. Movant and Respondent agree to the following facts and circumstances:

### KBA FILE 14218

1. Movant represented Omawale A. Muhammad in a criminal matter in the Nelson Circuit Court.

2. After Movant was suspended from the practice of law from non-payment of bar dues, she failed to inform Mr. Muhammad that she had been suspended. In addition, because of her suspension she was unable to represent Mr. Muhammad and she did not show up for three of his court dates.

3. Movant admits she owes a refund of the $2,500.00 fee that was paid to her by Mr. Muhammad to represent him in the criminal matter.

4. Because of her failure to appear at her client's court dates, Charles Simms, the Nelson Circuit Court Judge, issued a bench warrant for her arrest for failure to appear in court. Ultimately, she was found in contempt for her failure to appear and for her failure to properly notify the court of her suspension from the practice of law for non-payment of bar dues. Movant spent a night in the Jefferson County Metro Correction Facility and was arraigned and released on her own recognizance by a Jefferson County Judge the next day.

5. On May 8, 2006, Movant appeared before Judge Simms and explained that her law license had been suspended and apologized for failing to notify the court of the suspension. Judge Simms probated her sentence on the contempt charge on the condition that she pay $250.00 to a charity of her choosing and inform the Kentucky Bar Association of the contempt.

6. Movant informed the Kentucky Bar Association of the contempt by letter dated July 5, 2006. However, the letter was never received at the Kentucky Bar Association.

7. Movant again appeared before Judge Simms and provided proof that she had paid $250.00 as a donation to a charity. The Judge had been informed by the Office of Bar Counsel that, despite not having received the letter from Movant, the Office of Bar Counsel was aware of Movant's contempt. The Judge decided that the contempt matter was resolved.

8. SCR 3.130–1.4(b) provides that "a lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decision regarding the representation."

9. Movant admits that she violated SCR 3.130–1.4(b) when she failed to notify her client that she had been suspended from the practice of law, thus causing her client to appear without counsel on three separate occasions in the Nelson Circuit Court without knowing why his attorney failed to appear on his behalf.

10. SCR 3.130–1.16(d) provides, in part, that "upon termination of representation, a lawyer shall take steps to the extent

reasonably practicable to protect a client's interests, such as … refunding any advance payment of fee that has not been earned."

11. Movant admits that she violated SCR 3.130–1.16(d) when she failed to refund the unearned fee to her client upon her suspension from the practice of law.

12. SCR 3.130–3.4(c) provides that a lawyer shall not: "knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

13. Movant admits that she violated SCR 3.130–3.4(c) when she failed to inform the court of her suspension and when she failed to appear in court on behalf of her client, thus resulting in a bench warrant being issued against her.

### KBA FILE 14293

14. Movant was hired by Darrell K. Parker to represent his son, Darrell Gore, on criminal charges in February, 2006. Movant was paid $1,100.00 for the representation. She made one court appearance on behalf of Mr. Gore prior to being suspended for failure to pay bar dues. Movant admits that a portion of the fee received by her was to be returned because it was unearned.

15. Movant admits that due to her suspension, Mr. Gore made a court appearance without an attorney.

16. Movant admits that she failed to tell Mr. Gore or his father that she had been suspended and was no longer able to represent him.

17. SCR 3.130–1.4(b) provides that "a lawyer should explain a matter to the extent reasonably necessary to prevent the client to make informed decisions regarding the representation."

18. Movant admits that she violated SCR 3.130–1.4(b) when she failed to inform her client or his father that her license had been suspended prior to her client appearing in court without representation.

19. SCR 3.130–1.16(d) provides that "upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, distributing papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned."

20. Movant admits that she violated SCR 3.130–1.16(d) when she failed to return an unearned fee to her client upon termination of the representation.

### KBA FILE 13885

21. Pursuant to SCR 3.160(2), the Inquiry Commission authorized the opening of an investigative file against Movant on March 13, 2006, based upon information that she may have violated the Rules of Professional Conduct.

22. Movant was suspended for nonpayment of bar dues on December 1, 2005. After having been suspended, Movant filed an application for restoration. Movant was informed by the Continuing Legal Education Department of the Kentucky Bar Association that she did not have sufficient credits to have her application for restoration approved. She was told that her application for restoration would not be processed until her Continuing Legal Education credit had been obtained. Nonetheless, while she was suspended, Movant appeared in court on February 2, 2006 to represent a client in Jefferson County.

23. SCR 3.130–5.5(a) provides that a lawyer shall not: "practice law in a juris-

diction where doing so violates the regulation of the legal profession in that jurisdiction."

24. Movant violated SCR 3.130–5.5(a) when, while she was suspended, she appeared in court in Jefferson County representing a client.

25. Movant acknowledges that her conduct was in violation of SCR 3.130–5.5(a), and that the Inquiry Commission has sufficient information to charge her with a violation of the Rules of Professional Conduct.

26. Movant admits that she violated the above stated Rules of Professional Conduct and agrees to the imposition of discipline.

Accordingly, Movant requested this Court impose the following discipline:

1. That she be suspended from the practice of law in the Commonwealth of Kentucky for one-hundred and eighty-one (181) days, with thirty (30) days to serve.

2. The balance of her suspension will be probated two (2) years on the condition that she participate in the KYLAP Program as stated in the Supervision Agreement with the KBA.

3. In addition, within ninety (90) days of entry of this Order, Movant is to reimburse her clients the unearned fee in the total amount of $3,600.00, which represents the $2,500.00 paid by Mr. Muhammad and $1,100.00 paid by Mr. Porter.

4. If Movant fails to comply with any terms of the discipline set forth herein, upon Motion of the KBA Office of Bar Counsel, the Court may revoke her probation and implement the balance of the one-hundred and eighty-one (181) days' suspension.

The Respondent, the KBA, filed a response to Movant's motion, agreeing to the above discipline as being appropriate. The Motion for Suspension from the Practice of Law, along with the relevant case law, was reviewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association before submission to this Court, pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases. The Respondent acknowledged that the Movant has already reimbursed her clients the unearned fees in the amount of $3,600.00, and the Respondent certifies the costs in this action to be $25.00.

We accept the parties' agreed disposition and IT IS HEREBY ORDERED THAT:

Vanessa Most Durham is hereby suspended from the practice of law in the Commonwealth of Kentucky for one-hundred and eight-one (181) days, with thirty (30) days to serve.

IT IS FURTHER ORDERED THAT:

The balance of one-hundred fifty-one (151) days is suspended for two years on the conditions that Movant:

1. Participate in the KYLAP program;

2. Reimburse her clients the unearned fees in the amount of $3,600.00; and

3. Pay the costs of this action in the amount of twenty-five (25) dollars, for which execution may issue from this Court upon finality of the Opinion and Order.

All sitting. LAMBERT, C.J., CUNNINGHAM, MINTON, NOBLE, SCHRODER, SCOTT, JJ., concur.

ENTERED: August 15, 2007.

/s/ Joseph E. Lambert
   Chief Justice